## No. 386

### SMOLINSKI v. JAWORSKI
### STAFINSKI v. SMOLINSKI

Ohio Court of Appeals, Cuyahoga County
Nos. 4301 and 4314.  April 16, 1923

This opinion has not been published except in Abstract

PLEADINGS—(1) Variance between pleading and proof—(2) Error in submitting the issues to jury not raised by pleadings.

SULLIVAN, J.

#### Epitomized Opinion

These were actions for real estate commissions. The petitions set up causes of action founded upon contracts for the procuring of a purchaser for the sale of real estate which was afterwards sold. During the course of the trial it developed that the contracts between the broker and the representative owners of the real estate called for a stipulated commission for the trade or exchange of properties instead of independent contracts for the procuring of a purchaser. The cases were tried before Judge Powell of the Common Pleas Court of Cuyahoga County, and resulted in judgments for the plaintiffs. The defendants prosecuted error. In reversing the judgments of Judge Powell, the Court of Appeals held:

1. As there was a fundamental variation between the petition and the proof the court erred in permitting such evidence to go to the jury.

2. Inasmuch as a power to sell does not carry with it a power to lease or exchange real estate, the court erred in its charge when it submitted issues to the jury not raised by the pleadings.

Attorneys—H. DuLaurence and J. H. Read, for Smolinski; H. D. Burnett and G. S. Tenesy, for Jaworski; H. D. Burnett and Geo. S. Tenesy, for Stafinski; H. DuLaurence and J. H. Read, for Smolinski.

## No. 387

### SANDUSKY (City) v. HARDY

Ohio Court of Appeals, Erie County
No. 13842.  April 23, 1923

This opinion has not been published except in Abstract.

DEFECTIVE SIDEWALKS—(1) Verdict not manifestly against the weight of evidence—(2) Notice to City of defect is question for jury—(3) Inadmissibility of evidence showing that City has great number of sidewalks to repair.

CHITTENDEN, J.

#### Epitomized Opinion

Hardy brought an action against the City of Sandusky to recover damages by reason of a fall upon the sidewalk near the intersection of two streets. She claimed that the fall was due to the negligence of th city in permitting the sidewalk to be out of repair. The sidewalk was made of flagstones and evidence was introduced to prove that at the junction of two of the flagstones one of them was permitted to be about one and one-half inches above the other. The plaintiff was not a resident of the city and was unfamiliar with the walk. The accident happened in the night season. The trial resulted in a verdict in favor of the plaintiff for $1000 before Common Pleas Judge Williams of Erie county. The city prosecuted error. In sustaining the judgment of the lower court the Court of Appeals held:

1. The verdict was not manifestly against the weight of evidence.

2. As the evidence showed that the defect had existed as long as two years, the question of notice to the city was properly submitted to the jury.

3. No error was committed in excluding evidence offered by the city as to the number of miles of sidewalk the city was required to maintain and keep in repair, as the city is bound to keep its sidewalks in reasonable repair regardless of the extent of sidewalk improvement within the city.

Attorneys—E. H. Savord, for City; Young & Young, for Hardy.

## No. 388

### CLEVELAND MET. PARK BOARD v. KETTLEWELL et al.

Ohio Court of Appeals, Cuyahoga County
No. 3963.  June 26, 1923

This opinion has not been published except in Abstract.

APPROPRIATION PROCEEDINGS—(1) Right to file answer to petition in error—(2) Failure to comply with G. C. 3697—(3) Jurisdiction of court in moot questions.

SULLIVAN, J.:

#### Epitomized Opinion

Appropriation proceedings were brought before Judge Addams of the Insolvency Court of Cleveland, by the Cleveland Metropolitan Park Board against Charles and James Kettlewell. A judgment for $24,000 was pronounced upon the verdict of a jury as an assessment for compensation for this property sought to be appropriated for public uses. A motion for a new trial was then overruled. After the statutory period of six months the plaintiff prosecuted error proceedings without complying with the statute in such cases requiring a deposit of amount of the judgment with the court. The defendants in error (also defendants below) filed an answer in error setting forth that the default in the payment or deposit of aforesaid judgment to defendants in error or in the Insolvency Court left nothing for the Court of Appeals to consider upon review. Held:

1. In a proceeding to reverse a judgment or order it is proper for the defendant in error to answer to the petition in error, alleging such facts subsequent to the judgment or order, as are claimed to have the effect to waive the error complained of.

2. The failure to adhere to GC. 3697 is a bar to all rights accruing to the plaintiff in error with respect to the appropriations unless waived by the opposite party.

3. The court has no jurisdiction to decide a moot question, and where an event occurs which renders it impossible to grant any relief, it will dismiss the petition in error.

Attorneys—Locher, Green & Woods, for Park Board; Vickery & Vickery, for Kettlewell.

## No. 389

### GROVER v. STATE

Ohio Court of Appeals, Cuyahoga County
No. 4432.  March 19, 1923

This opinion has not been published except in Abstract.

LIQUOR LAW—(1) No reversible error under the facts in this case.

PER CURIAM.

#### Epitomized Opinion

Grover was tried and convicted in the Municipal Court of Cleveland for possessing and selling liquor contrary to law. Error was then prosecuted to the Court of Appeals, where the court held:

1. There was no substantial error in the assignments complained of, therefore the judgment of the lower court is hereby affirmed.

(Facts not given in opinion.)

Attorneys—J. L. Lind, for Grover; L. E. Skeel, for State.